

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. M. Hooper
County Attorney
Yoakum County
Plains, Texas

Dear Sir:

Opinion No. O-3114
Re: Has the Commissioners' Court
the authority to establish a
new justice precinct without
regard to whether the present
justice resides within the
bounds of the newly organized
justice precinct?

Your recent request for an opinion of this department upon the above stated question has been received.

We quote from your letter as follows:

"The following circumstances have arisen in Yoakum County. A justice of the Peace was duly elected for Precinct 2 last summer. He has made bond and qualified by taking the Oath of Office. He was billed by the Grand Jury last month in two counts for Forgery. He is supposed to have broken his neck some time ago and is now in the Veterans Hospital in Amarillo where he will probably remain for many months. His precinct includes a vast oil field, thousands in population, and his docket is congested.

"Either through inability or through unwillingness he has refused to act. Efforts have been made to get him to resign which he refuses to do unless the Forgery counts are dismissed which is, of course, out of the question. An emergency exists.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"I have advised the Commissioners Court that since there are only 4 justice precincts in the county, they have a perfect right to, for the public benefit create a new justice precinct composing the east one-half of the precinct for which this man is Justice. A Commissioner contends that this cannot be done and a new Justice appointed for the reason that the Present Justice resides in the said east one half of the present precinct.

"I have based my opinion on Article V, Section 18 of the Constitution, as well as upon articles 2351, 2377, and 5970, and the decisions cited thereunder.

"I would appreciate your opinion as to whether the Commissioners Court has the authority to establish such precinct without regard to whether the present Justice resides within the bounds of the newly organized precinct."

Article 5, Section 18 of the Constitution, and Article 2351, subdivision 1, Vernon's Annotated Civil Statutes require the Commissioners' Court of each county to lay off the county into justice precincts not less than four nor more than eight in number.

The case, State v. Rigsby, 43 S. W. 271, holds in effect that the Commissioners' Court in the exercise of its powers may merge two precincts into one or may re-define the boundaries of the two precincts of a county, leaving the other precincts unchanged.

The case, Hasting, et al v. Townsend, County Attorney, 136 S. W. 1143, holds among other things, that the Commissioners' Court has power to change the boundaries of the justice precinct at will.

The case of Brown v. Meek, 96 S. W. (2d) 839, holds that "the Commissioners' Court has power, when law-

Honorable H. M. Hooper, Page 3

fully exercised to pass an order re-districting the county into new justice of the peace precincts to become effective in the future and that the Commissioners' Court has power to create new justice precincts for the convenience of the people."

Furthermore, changes may be made in the territory of the precinct during the term of office of an elected justice. Texas Juris., Vol. 26, p. 793. (Also see the case of Ward v. Bond, 105S. W. (2d) 590.)

In view of the foregoing authorities, the Commissioners' Court has the power and authority to merge justice precincts, re-define the boundaries of said precincts, etc., at any time within the discretion of the Commissioners' Court, provided that the number of justice precincts shall not be less than four nor more than eight in number in any county. In the event the Commissioners' Court establishes a new justice precinct composed of the east one-half of the present precinct No. 2, and gives or assigns a new and different precinct number to said newly established precinct, there would be no justice of the peace for said precinct, notwithstanding the fact that the present justice of the peace of precinct No. 2 resides in the new precinct. The Commissioners' Court would be authorized by virtue of Article 2355 to appoint a justice of the peace for the new precinct.

We are enclosing herewith a copy of our opinion No. 0-2361, touching upon a vacancy in the office of justice of the peace.

Trusting that we have fully answered your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

APPROVEDMAR 5, 1941

ATTORNEY GENERAL OF TEXAS

AW:OO



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN